UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANN LYSE,<br><br>Defendant. | No. 3:20-cv-6152<br><br>**COMPLAINT** |

Plaintiff, the United States of America, by and through its undersigned attorneys, brings this complaint against Defendant ANN LYSE, and alleges the following:

**I. NATURE OF THIS ACTION**

1. Starting as early as July 2019 and continuing to the present, Defendant has conducted financial transactions with large sums of illegally obtained money, knowing that her transactions are designed to conceal the nature, source, location, ownership, and control of proceeds. Defendant's conduct includes knowingly receiving money obtained via fraud and then immediately transmitting the same money to accomplices. Defendant has transmitted money to and from accomplices in Jamaica and the United States.

COMPLAINT - 1
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

2. The United States seeks to prevent continuing and substantial injury to the United States and victims by bringing this action for a permanent injunction and other equitable relief under 18 U.S.C. § 1345. The United States seeks to enjoin the ongoing commission of banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering in violation of 18 U.S.C. § 1956(a)(1)(B), international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B), and structuring cash transactions to evade transaction reporting requirements in violation of 31 U.S.C. § 5324(a).

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.

4. The United States District Court for the Western District of Washington is a proper venue for this action under 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant is a resident of this District and because a substantial part of the events or omissions giving rise to this Complaint occurred in this District.

## III. PARTIES

5. Plaintiff is the United States.

6. Defendant Ann Lyse is a resident of this District, residing in Lacey, Washington. In connection with the matters alleged herein, Defendant transacts and has transacted business in this District.

## IV. FACTS

### A. Defendant's Ongoing Banking Law Violations

7. Defendant conducts financial transactions to benefit one or more international fraud schemes, knowing that the moneys she receives and transmits are obtained fraudulently,

COMPLAINT - 2
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

knowing that her transactions are designed to conceal the schemes, and structuring her cash transactions in an effort to prevent the filing of required financial transaction reports. Defendant receives financial compensation for this conduct, by transmitting to an accomplice slightly smaller amounts than she receives and keeping the difference for herself.

*(1)* **Money laundering and international money laundering**

8.  Beginning at least as early as 2019, Defendant has knowingly and willingly accepted tens of thousands of dollars from multiple sources and then transmitted most of that money to accomplices.

9.  Defendant was reportedly contacted in June of 2019 from someone claiming to be from Publisher's Clearing House, stating that she had won a lottery prize but that she needed to pay fees to collect her winnings. Defendant paid those purported fees. Shortly thereafter, she received $10,000 in her bank account. She was instructed to send that money in order to collect her winnings. She later learned that the $10,000 was in actuality a cash advance from her credit card.

10. Defendant also received Express Mail packages from multiple locations across the United States, including Georgia, Maryland, Tennessee, California, and South Carolina. These packages contained payments from victims of other fraud schemes. Defendant then facilitated these schemes by depositing and transferring these payments, knowingly providing accomplices in Jamaica and the United States access to her accounts to access these funds.

11. Defendant suspected that the packages she received were part of a scam and believed that at least some of the individuals with whom she was in contact with were defrauding her. She nevertheless continued to facilitate these payments as instructed.

12. On or about July 29 and July 30, 2019, Defendant entered three different Wells Fargo branches, where she maintained checking and savings accounts, at locations in Lacey,

COMPLAINT - 3  
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY  
700 Stewart Street, Suite 5220  
Seattle, Washington 98101-1271  
(206) 553-7970

WA and Olympia, WA. She conducted five cash withdrawals in amounts ranging from $300 to $5,000 for a total of $18,500. Wells Fargo reported a potential structuring of withdrawals to avoid a currency transaction report (CTR).

13. Between September and October 2019, Defendant made a series of cash and check deposits at Bank of America, where she had accounts at that time totaling approximately $46,143. Funds were removed from the account via cash withdrawals made in Washington State, ATM locations in Jamaica, and online payments to Defendant's credit card. Bank of America reviewed login information to determine that the online account was predominately accessed at locations in Jamaica. Bank of America subsequently closed Defendant's account.

14. Between March 2020 and May 2020, Defendant opened checking and savings account with KeyBank. KeyBank monitored transactions through Peer-2-Peer (*e.g.* Zelle) and online transactions originating from Jamaica. KeyBank questioned Defendant about these activities and Defendant stated that she provided her account information to a friend in Jamaica and they were going to make a deposit to her account. Multiple withdrawals were made, but not completed due to non-sufficient funds. KeyBank closed Defendant's accounts.

15. In August 2019, Defendant opened accounts with Olympia Credit Union and attempted to secure a $16,000 personal loan but was unable to do so because she refused to provide an itemized list of debts.

16. In July 2020, Defendant attempted to deposit a third-party check for approximately $8,000 with Olympia Credit Union; the third party had no identifiable relationship with Defendant. Olympia Credit Union refused to deposit the check after Defendant explained the check was for fees to secure winnings from Publisher's Clearing

COMPLAINT - 4
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

House. The next day, two checks attempted to clear Defendant's account for a total of approximately $11,400, but were returned as non-sufficient funds.

17. On or about August 2, 2020, Defendant deposited $3,000 in cash at an Olympia Credit Union ATM. Olympia Credit Union stated to Defendant that they were going to hold the deposit for ten days based on the recent deposit history. Defendant stated she was concerned that her contact with Publisher's Clearing House will be upset because she had been instructed to deposit the funds and then forward them to another contact in California.

18. On or about August 6, 2020, Defendant deposited a $7,000 check from an out-of-state third party; the third party had no identifiable relationship to Defendant. Olympia Credit Union questioned Defendant about the suspicious nature of the funds but Defendant insisted the bank deposit the funds. Olympia Credit Union verified and deposited the funds. Defendant then withdrew $5,000 in cash.

19. On or about August 7, 2020, Defendant attempted to deposit approximately $6,000 in combined funds from multiple checks from multiple remitters. Olympia Credit Union's Fraud Department questioned Defendant. Defendant stated that she didn't know who the checks were from, but that she was told to deposit them and send the funds to third parties. Olympia Credit Union repeated that it appeared Defendant was involved in a scam and refused to accept the deposits.

20. On or about September 19, 2020, Defendant attempted to deposit a $1,350 deposit from an out-of-state third party, who had not identifiable relationship with Defendant. The out-of-state check was returned stop pay. Olympia Credit Union then closed Defendant's checking account based on the history of repeated returned check deposits.

COMPLAINT - 5
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

*(2)* **Structuring**

21. Defendant engaged in conduct designed to cause domestic financial institutions to fail to file a report required under 31 U.S.C. § 5313(a), and the regulations promulgated thereunder. Defendant repeatedly caused and attempted to cause her cash withdrawals, and those of her relative, to be structured in amounts designed to avoid this transaction reporting requirement.

22. For example, in July 2019, Wells Fargo Bank reported that Defendant withdrew a total of $18,500 at three different branches, in five different transactions, in order to avoid a transaction reporting requirement.

23. For further example, between September and October 2019, Defendant made numerous check deposits that totaled over $46,143, and additional cash deposits, in structured amounts in order to avoid transaction reporting requirements.

**B. Defendant's Knowledge of Fraud; Intent to Conceal the Nature, Source, Location, Ownership, or Control of Proceeds; and Intent to Evade Transaction Reporting Requirements**

24. On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 7 through 23 with the knowledge that the moneys she receives from and transmits to accomplices are obtained by fraud schemes or other specified unlawful activity.

25. On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 7 through 23 with the intent to conceal the nature, source, location, ownership, or control of proceeds.

26. On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 7 through 23 with the intent to evade transaction reporting requirements.

COMPLAINT - 6
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

27. For example, Defendant received correspondence from the United States Postal Service in May 2020 and September 2020 alerting her that she appeared to be receiving money on behalf of a lottery fraud scheme. Nevertheless, Defendant continued to facilitate the financial transactions despite these notifications.

28. For further example, financial institutions alerted Defendant that her financial transactions appeared to be suspicious and indicative of fraud. Multiple financial institutions closed Defendant's accounts because of this suspicious behavior. Nevertheless, Defendant continued to open new accounts and facilitate the financial transactions with each new account.

29. Defendant also stated multiple times that she was working with individuals outside the United States, including in Jamaica, and sending and receiving money from these individuals.

### C. <u>Harm to the United States</u>

30. The United States is suffering continuing and substantial injury from Defendant's banking law violations.

31. Defendant is continuing to facilitate her banking law violations. Absent injunctive relief by this Court, Defendant will continue to cause continuing and substantial injury to the United States and victims.

### COUNT I
### (18 U.S.C. § 1345 – Injunctive Relief)

32. The United States re-alleges and incorporates by reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. By reason of the conduct described herein, Defendant has committed, is committing, and is about to commit banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering with intent to conceal in violation of 18 U.S.C. § 1956(a)(1)(B)(i),

COMPLAINT - 7
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

money laundering with intent to evade transaction reporting requirements in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), international money laundering with intent to conceal in violation of 18 U.S.C. § 1956(a)(2)(B)(i), international money laundering with intent to evade transaction reporting requirements in violation of 18 U.S.C. § 1956(a)(2)(B)(ii), and structuring cash transactions to evade transaction reporting requirements in violation of 31 U.S.C. § 5324.

34.  Because Defendant is committing or about to commit banking law violations as defined in 18 U.S.C. § 3322(d), the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future banking law violations and any other action that this Court deems just to prevent a continuing and substantial injury to the United States.

35.  As a result of the foregoing, Defendant's conduct should be enjoined pursuant to 18 U.S.C. § 1345.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, United States of America, requests of the Court the following relief:

A.  That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345, ordering that Defendant is restrained from engaging, participating, or assisting in money laundering, international money laundering, structuring transactions to evade transaction reporting requirements, and any money transmitting business; and

B.  That the Court order such other and further relief as the Court shall deem just and proper.

//

//

COMPLAINT - 8
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1

2   Respectfully submitted this 24th day of November, 2020.

3                                              BRIAN T. MORAN
                                               United States Attorney
4
                                               *s/ Nickolas Bohl*
5                                              NICKOLAS BOHL, WSBA #48978
                                               Assistant United States Attorney
6                                              United States Attorney's Office
                                               700 Stewart Street, Suite 5220
7                                              Seattle, Washington 98101-1271
                                               Phone:  206-553-7970
8                                              Fax:    206-553-4067
                                               Email:  nickolas.bohl@usdoj.gov
9
                                               Counsel for United States of America
10

11

12

13

14

15

16

17

18

19

20

21

22

23

CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is the person of such age and discretion as to be competent to serve papers;

It is further certified that on this day, I mailed by United States Postal Service said pleading to Defendant, addressed as follows:

Ann Lyse
4509 Montclair Dr SE
Lacey, WA 98503

Dated this 24th day of November, 2020.

/s/ Julene Delo
Julene Delo, Legal Assistant
United States Attorney's Office
700 Stewart St., Ste. 5220
Seattle, WA 98101
Phone: 253-428-3800
Fax: 253-428-3826
E-mail: julene.delo@usdoj.gov

COMPLAINT - 10
Case No. 3:20-cv-6152

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

### DEFENDANTS
ANN LYSE

**(b)** County of Residence of First Listed Plaintiff: 
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Thurston
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Nickolas Bohl, United States Attorney's Office
700 Stewart Street, Suite 5220, Seattle, WA 98101,
206-553-7970

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [x] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1345

Brief description of cause:
Injunction for structuring, money laundering, fraud

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/24/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ Nickolas Bohl

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANN LYSE <br><br> Defendant. | NO. _____ <br><br> **[PROPOSED] CONSENT DECREE AND FINAL JUDGMENT** |

### CONSENT DECREE AND FINAL JUDGMENT

Plaintiff, United States of America ("Plaintiff"), commenced the above-captioned action in this Court with a complaint pursuant to 18 U.S.C. § 1345, alleging that Defendant, Ann Lyse, is committing or about to commit a banking law violation as defined in 18 U.S.C. § 3322(d), including international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B).

Plaintiff and Defendant, *pro se*, wish to resolve Plaintiff's allegations without litigation and jointly request and consent to the entry of this Consent Decree and Final Judgment ("Consent Decree") without Defendant's admission of liability or wrongdoing. Defendant agrees to waive service of the Summons and the Complaint.

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 1
No. _____

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1     Defendant has entered into this Consent Decree freely and without coercion. Defendant
2 further acknowledges that she has read the provisions of this Consent Decree, understands them,
3 and is prepared to abide by them.

4     **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:**

5     1.     This Court has jurisdiction over this matter and the parties pursuant to
6 18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345. Venue is proper in this District under
7 28 U.S.C. § 1391(b) and (c).

8     2.     Defendant neither admits nor denies the allegations in the Complaint. Only for
9 purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

10     3.     For purposes of this Consent Decree:

11         a.     "Defendant" means Ann Lyse.

12         b.     "Person" means an individual, a corporation, a partnership, or any other
13 entity.

14         c.     "Funds" include any currency, check, money order, stored value card,
15 stored value card numbers, bank wire transmission, or other monetary value.

16         d.     "Money transmitting business" refers to a person who, for a fee, receives
17 funds from one person for the purpose of transmitting the funds, or providing access to the
18 funds, to another person.

19         e.     "Fee" refers to a payment or compensation of any kind regardless of how
20 the payment or compensation is labeled, including but not limited to processing fees,
21 service fees, expediting fees, purchase fees, nominal fees, symbolic payments, gifts and
22 gratuities.

23

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 2
No. _____

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. Upon entry of this Decree, Defendant is permanently prohibited and enjoined from, directly or indirectly, assisting, facilitating, or participating in any money transmitting business.

5. Within five (5) days after entry of this Consent Decree, the Defendant is ordered to submit to Postal Inspector Amy Kerkof a written acknowledgement of receipt of this Consent Decree sworn under penalty of perjury. The statement shall be addressed to:

> U.S. Postal Inspector Amy Kerkof
> U.S. Postal Inspection Service
> P.O. Box 400
> Seattle, WA 98111
> 206-442-6132 (desk)

6. The Consent Decree shall not be modified except in writing by Plaintiff and the Defendant and approved by the Court.

7. This Consent Decree shall constitute a final judgment and order in this action.

8. This Court retains jurisdiction of this action for the purpose of enforcing or modifying this Consent Decree and for the purpose of granting such additional relief as may be necessary or appropriate.

**DONE AND ORDERED** in Chambers at Seattle, Washington, this \_\_\_\_\_ day of _____, 2020.

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 3
No. _____

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | **APPROVED AND ENTERED BY THIS COURT** |
| 2 | Dated this ___ day of _____, 2020. |
| 3 | |
| 4 | HONORABLE _____<br>United States District Judge |
| 5 | We hereby consent to the entry of the foregoing Decree: |

**FOR DEFENDANT ANN LYSE**

Dated: *Oct. 30*, 2020    _____
                          ANN LYSE

**FOR PLAINTIFF THE UNITED STATES OF AMERICA**

BRIAN MORAN
United States Attorney

Dated: November 24, 2020    By: *s/ Nickolas Bohl*
NICKOLAS BOHL, WA #48978
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:   206-553-4067
Email: nickolas.bohl@usdoj.gov

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 4
No. _____

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970